1  Mathew K. Higbee, Esq., SBN 241380
2  Ryan E. Carreon, Esq., SBN 311668
   **HIGBEE & ASSOCIATES**
3  1504 Brookhollow Dr., Suite 112
   Santa Ana, CA 92705
4  (714) 617-8336
5  (714) 597-6559 facsimile
   Email: mhigbee@higbeeassociates.com
6
7  *Attorney for Plaintiff,*
   CHRISTOPHER SADOWSKI
8

9

10              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  CHRISTOPHER SADOWSKI, | Case: _____ |
| 13                        Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR** |
| 14 | |
| 15  v. | **DEMAND FOR BENCH TRIAL** |
| | **(1) COPYRIGHT INFRINGMENT** |
| 16  JOSEPH CORTEZ; and DOES 1 | **(2) CAL. CODE CIV. PROC. § 1991** |
| 17  through 10, inclusive, | |
|                        Defendant. | |
| 18 | |
| 19 | |

20
21      Plaintiff, Christopher Sadowski alleges as follows:

22                    **JURISDICTION AND VENUE**

23      1.      This is a civil action seeking damages and injunction relief for

24

25  copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

26  101 *et seq.*

27      2.      This Court has subject matter jurisdiction over Plaintiff's claims for

28

---

1

copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

3.      This Court has personal jurisdiction over Defendant because Defendant conducts business within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

**PARTIES**

5.      Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff") resides in the State of New Jersey and is a professional photographer by trade.

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant Joseph Cortez ("Defendant Cortez") is an individual residing in Charlotte, North Carolina.

7.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues

such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.    Plaintiff Christopher Sadowski is a professional photographer by trade. Sadowski has licensed or sold his photographs to dozens of major media outlets such as The New York Post, Boston Globe, Boston Herald, Los Angeles Times, Toronto Sun, Newsweek Magazine, People Magazine, the Associated Press, and USA Today.

9.    Sadowski is the sole author and exclusive rights holder to a photograph of a homeless person at LaGuardia Airport (the "Image"). A true and correct copy of the original Image is attached hereto as Exhibit A.

10.    Sadowski registered the Image with the United States Copyright Office under registration number VA 1-989-742.

11.    Sadowski's Image originally appeared in the New York Post ("Post"). On December 18, 2015, the Post ran an article on its website titled *Homeless reign over LaGuardia to come to an end: Port Authority* ("Post Article"), which featured

Sadowski's Image. *See* https://nyp.st/2n9moJc.

12.    On information and belief, Defendant Cortez is freelance writer who works as an independent contractor providing written content for a variety of travel oriented websites.

13.    On information and belief, from approximately August 2014 to July 2018, Defendant Cortez worked as an independent contractor producing content for the travel website www.flyertalk.com ("Flyertalk").

14.    On information and belief, Flyertalk is owned and operated by Internet Brands Inc. and its affiliated entity MH Sub I, LLC (collectively referred to as "Internet Brands").

15.    Internet Brands is a Los Angeles based media company, which owns and operates a large portfolio of leading consumer websites, including Flyertalk.

16.    On or about September 2017, Sadowski discovered his Image being used on Flyertalk in an article titled *LaGuardia to Evict Homeless Taking Shelter in the Airport* (the "Infringing Article"), which had been authored by Defendant Cortez.

17.    A true and correct screenshot of the Infringing Article featuring Sadowski's Image is attached hereto as Exhibit B.

18.    The bottom of the Infringing Article contained the credit "Photo: Christopher Sadowski," which suggests that the author was aware that Sadowski was the owner of the Image.

19.     Despite this, neither Defendant Cortez or any other person contacted Sadowski to purchase a license to use the Image on Flyertalk or in connection with the Infringing Article.

20.     On information and belief, Defendant Cortez provided the Image to Internet Brands for inclusion with the Infringing Article, which was published on Flyertalk.

21.     Sadowski never licensed the Image to Defendant Cortez, and did not give Defendant Cortez permission to use the Image on Flyertalk or in any other manner.

22.     On or about December 30, 2018, Defendant Cortez was personally served with a subpoena in a separate matter requesting, *inter alia*, documents related to his engagement with Internet Brands.

23.     Attached hereto as Exhibit C is a true and correct copy of the subpoena and proof of service.

24.     That same day, counsel sent an email to Defendant Cortez stating that he was aware that the subpoena had been served, and offering to modify the production deadline to accommodate Defendant Cortez.

25.     On January 2, 2019, Defendant Cortez emailed counsel stating that he had reviewed the subpoena and had decided he would not comply.

26.     That same day, counsel sent Defendant Cortez a letter requesting a meet and confer regarding the subpoena.

27.    Defendant Cortez never responded and has not complied with the subpoena despite being duly served.

28.    Attached hereto as Exhibit D is a true and correct copy of the correspondence between Sadowski's counsel and Defendant Cortez.

29.    As a result of his failure to comply with the subpoena, Sadowski has been damaged in an amount to be proven.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

30.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

32.    Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendants' Website.

33.    As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

34.     As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

35.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FAILURE TO COMPLY WITH VALID SUBPOENA**
**CAL. CODE CIV. PROC. § 1991**

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Pursuant to California Code of Civil Procedure § 1991 any person who fails to comply with "a subpoena or a court order also forfeits to the party aggrieved the sum of five hundred dollars ($500), and all damages that he or she may sustain by the failure of the person to appear pursuant to the subpoena or court order, which forfeiture and damages may be recovered in a civil action."

38.     On or about December 30, 2018, Defendant Cortez was personally served at his residence with a validly issued subpoena commanding the production of documents.

39.     On or about January 2, 2019, Defendant Cortez stated his intent to disobey said subpoena.

40.     On the date of compliance of said subpoena, Defendant Cortez failed to produce the requested documents.

41.   As a direct and proximate result of Defendant Cortez's failure to provide the subpoenaed documents, Sadowski has been deprived of critical evidence in his case against Internet Brands.

42.   As a direct and proximate result of Defendant Cortez's actions, Sadowski has been harmed in an amount to be proven.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For an award of five hundred dollars ($500), actual damages sustained as a result of Defendant's failure to comply with a duly served subpoena, and costs of suit pursuant to California Code of Civil Procedure Section 1992.

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

1   Dated: January 29, 2019                       Respectfully submitted,

2

3                                      **/s/ Mathew K. Higbee**

Mathew K. Higbee, Esq.

Cal. Bar No. 241380

**HIGBEE & ASSOCIATES**

1504 Brookhollow Dr., Ste 112

Santa Ana, CA 92705-5418

(714) 617-8336

(714) 597-6729 facsimile

*Counsel for Plaintiff*

1

## **DEMAND FOR BENCH TRIAL**

2

Plaintiff Christopher Sadowski hereby demands a bench trial in the above

3

matter.

4

5

6

Dated: January 29, 2019                    Respectfully submitted,

7

8                                          **/s/ Mathew K. Higbee**
                                           Mathew K. Higbee, Esq.
9                                          Cal. Bar No. 241380
                                           **HIGBEE & ASSOCIATES**
10                                         1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
11                                         (714) 617-8349
                                           (714) 597-6559 facsimile
12                                         *Counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28