# Exhibit "D"



# Subpoena compliance
3 messages

**Ryan Carreon** <rcarreon@higbeeassociates.com>  Sun, Dec 30, 2018 at 2:08 PM
To: "joe@joeontheroad.com" <joe@joeontheroad.com>

Mr. Cortez,

I spoke with you on the phone recently regarding the Christopher Sadowski v. Internet Brands copyright matter. Since we were unable to come to an informal agreement regarding the information potentially in your possession, I am informed that you were recently served with a subpoena in this matter. In light of the fact that the subpoena was served today and the holiday this week, I am happy to discuss a revised time frame for you to produce the requested documents. Additionally, it would probably be easier if you just send the documents electronically so as to save you the time and expense of producing hard copies. You can email them to me at this address. I will be back in the office on Wednesday, but will have access to email on my phone. I am happy to discuss this with you or to answer any questions.

Best,
Ryan Carreon
--
Sent from my iPhone

**Joe Cortez** <joe@joeontheroad.com>  Wed, Jan 2, 2019 at 6:13 AM
To: Ryan Carreon <rcarreon@higbeeassociates.com>

Mr. Carreon,


After reviewing the case and your subpoena, I'm writing to inform you that I'm not interested in participating in your lawsuit. In addition, because you are subpoenaing me as a witness, I believe the California Shield Law precludes me from turning over the vast amount of information – most of which has no bearing on your allegations – that you have requested.


Govern yourself accordingly.


-JC


**From:** Ryan Carreon [mailto:rcarreon@higbeeassociates.com]
**Sent:** Sunday, December 30, 2018 5:09 PM
**To:** joe@joeontheroad.com
**Subject:** Subpoena compliance

[Quoted text hidden]

  Virus-free. www.avg.com

**Ryan Carreon** <rcarreon@higbeeassociates.com>  Wed, Jan 2, 2019 at 8:39 PM
To: joe@joeontheroad.com

Mr. Cortez,

Please see the attached correspondence.

Ryan E. Carreon
Associate Attorney
Copyright Division

Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Direct: (714) 617-8336
Phone: (800) 716-1245   Fax: (714) 597-6559

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message.

[Quoted text hidden]

📄 **Letter to Cortez 01-02-19.pdf**
149K

**Higbee & Associates**                                                                A NATIONAL LAW FIRM

January 2, 2019

**VIA E-MAIL:**
Joe Coretz
Joe@joeontheroad.com

RE:   **Case 2:18-cv-00704-ODW-FFM, Sadowski v. Internet Brands Inc. et al.**

Mr. Cortez,

     I am in receipt of your email dated January 2, 2018 stating your refusal to comply with the subpoena commanding the production of certain documents in your possession, custody, or control, which was personally served on you on or about December 30, 2018.

     As an initial matter, please confirm in writing whether you are represented by an attorney in this matter. If you are, please provide me with his or her contact information so that I can contact them directly. If not, please confirm that fact in writing.

     Please be advised that failure to respond to a properly served subpoena is a serious matter and may subject you a various sanctions including, but not limited to, a court order requiring your compliance, ongoing monetary fines until compliance, and possibly imprisonment. *See generally* Federal Rules of Civil Procedure 45(g); *see also In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002) (fine and imprisonment ordered for failure to obey grand jury subpoena) cert denied, 536 U.S. 925 (2002*); Int'l Bhd. of Elec. Workers, Local 474 v. Eagle Elec. Co.*, 2007 WL 622504, at *1 (W.D. Tenn. Feb. 22, 2007) (imprisonment); *Painewebber, Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (fine imposed for failure to comply with deposition and document subpoenas); *Forum Ins. Co. v. Keller*, 1992 WL 297580, at *3 (S.D.N.Y. Oct. 8, 1992) (fine imposed for failure to comply with document subpoena).

     Regarding your correspondence, while your objection is duly noted, your reliance on the California Shield Law ("CSL") as the basis for non-compliance with the subpoena is unfounded for a number of reasons.

     First, it is unclear that you even have standing to invoke the CSL. It is my understanding that you previously operated out of Ohio, and that you are currently based in North Carolina. As such, to the extent that the CSL would even be applicable in this situation, it is doubtful that any of your conduct occurring outside the state would come under the purview California law.

     Even if you did have standing to invoke the CSL, the text of the statute clearly states that it merely provides narrow immunity from being "adjudged in contempt" in certain, limited, circumstances. Cal. Evidence Code § 1070. The CSL does *not* create an absolute privilege precluding compliance with a duly issued subpoena. *See KSDO v. Superior Court*, 136 Cal. App. 3d 375, 379 (1982) ("The California shield law, however, is unique in that it affords only limited protection. It does not create a privilege for

**Higbee & Associates**                                                                 A NATIONAL LAW FIRM

newspeople, rather it provides an immunity from being adjudged in contempt. This rather basic distinction has been misstated and apparently misunderstood by members of the news media."). Therefore, you may not properly invoke the CSL as a pretext to refuse to comply with the duly issued subpoena.

Finally, the majority of the information sought in the subpoena does not fall under the purview of the CSL in any event. The text of the CSL states that it is limited to information concerning the identity of "source[s]" or information concerning "unpublished information obtained or prepared in gathering, receiving or processing of information for communication to the public." Cal. Evidence Code § 1070. In other words, to be covered under the CSL, the information must be directly related to the identity of journalistic sources or directly related to the news gathering process. While it is arguable that any of the information sought would meet that standard, Requests 7 through 30 clearly do not fall into either category mentioned in the CSL.

To conclude, in the interests of resolving this in an efficient and timely manner, but without waiving any of my client's rights or remedies to seek full compliance, I am more than happy to discuss the potential modification of the document requests in the subpoena. Pursuant to Local Rule 37-1 of the Central District of California, you are required to confer with me within 10 days of the date of this letter. If you fail to confer with me as required by the rules, or if we are unable to come to an acceptable resolution of this in a timely manner, I will be forced to seek a court order compelling your compliance with the subpoena.

This letter is not intended, nor should it be construed, as a full recitation of all of the facts in this matter. Additionally, this letter is written without waiver or relinquishment of any rights or remedies, all of which are hereby expressly reserved.

Sincerely,

Ryan E. Carreon, Esq.

**Corporate HQ** 1504 Brookhollow Dr., Suite 112 Santa Ana, CA 92705
**Phone** (714) 617-8385   **Fax** (714) 617-8511   **Web** higbeeassociates.com